UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HENRY T. MASON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:09-cv-0190-WTL-JMS |
| ) | |
| BRUCE LEMMON, ) | |
| ) | |
| Defendant. ) | |

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the action must be dismissed for failure to state a claim upon which relief can be granted.

**I.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Because plaintiff Henry Mason ("Mason") was a prisoner at the time this action was filed, see 42 U.S.C. § 1997e(h)(providing that the term "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"), his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II.

Mason is an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"). In his second amended complaint filed on September 23, 2009, Mason names Wabash Valley Superintendent Bruce Lemmon as defendant and alleges that in April of 2009, he was delivered a food tray with human feces on it and juice which smelled of urine. He filed a grievance and sent a letter to Superintendent Lemmon, but received no response. Mason alleges that the improper food tray incident was allowed to occur because the staff at Wabash Valley failed to follow various prison policies related to food services, the segregation unit, and the offender monitoring program. In addition, Mason alleges that because he has an interpersonal conflict with Superintendent Lemmon and his staff a frivolous conduct report was filed against him and he was placed in administrative segregation. Mason requests the following relief: 1) all food trays signed and delivered by a high ranking officer; 2) unit team staff to walk the assigned ranges once daily; and 3) emergency transfer from Wabash Valley.

This action is dismissed pursuant to 28 U.S.C. § 1915A(b) because the second amended complaint fails to state a claim upon which relief may be granted. The reason for this disposition is that although Mason's claims are asserted pursuant to 42 U.S.C. § 1983, such claims are viable only if he has asserted the violation of a federal right. *Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

The allegations that Superintendent Lemmon violated Department of Correction or Wabash Valley policies is not cognizable under § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Additionally, a prisoner has no due process or other right to be housed in or returned to a prison's general population from a segregation unit under the circumstances alleged by the plaintiff. *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

Mason's claim that human waste was delivered on his food tray must also be dismissed. The constitutional provision pertinent to this claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon v. Godinez,* 114 F.3d 640, 645 (7th Cir. 1997).

A corollary to the element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

It is for this reason that the Eighth Amendment claim must be dismissed. Mason's allegations do not suggest a plausible basis for concluding that Superintendent Lemmon caused or participated in the delivery of the food tray with feces or any other alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Even if Mason wrote a letter to Superintendent Lemmon, this fact alone is insufficient to support recovery from supervisory defendants. *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006)(letters to Director insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

### III.

For the reasons explained above, even when liberally construed, the second amended complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim under 42 U.S.C. § 1983. Dismissal of the federal claims pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/23/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana